# Davies' Estate.

*Wills—Beneficiaries—Relinquishment of rights during testatrix's lifetime—Failure of testatrix to modify will—Testatrix's declaration that such beneficiary should share in estate—Devisee's right to share.*

Where a testatrix by will devised all her property equally to her son and two daughters and thereafter the son executed a paper relinquishing all his right, title and interest in his mother's estate, but the testatrix made no modification of the will, although she lived for three years thereafter, and, according to the testimony of one of her daughters (testifying against her own interest) testatrix had declared three weeks before her death "do you think I am going to deprive (the son naming him) of the things that are coming to him? He has just as much right to the things as you and (the other daughter, the exceptant)," the court properly refused to give effect to the paper signed by the son, and permitted him to share equally with his sisters in the estate.

Argued May 6, 1918. Appeal, No. 5, Jan. T., 1919, by Margaret Beckenbaugh, from decree of O. C. Lackawanna Co., 1913, No. 316, dismissing exceptions to adjudication in Estate of Mary I. Davies. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from adjudication. Before SANDO, J.

The opinion of the Supreme Court states the case.

The lower court dismissed the exceptions to the adjudication. Margaret Beckenbaugh, exceptant, appealed.

*Charles H. Soper,* for appellant.

*John R. Edwards,* for appellees.

PER CURIAM, June 3, 1918:

The complaint of the appellant is of the refusal of the court below to give effect to a certain paper signed by her

brother, the appellee, agreeing to relinquish all his right, title and interest in their mother's estate. At the time he signed this paper she was living and he had no interest in anything belonging to her to be released. But, aside from this, she chose to let her will stand thereafter as it had been executed, more than three years before, dividing her estate equally between her three children, the appellant, the appellee and a second daughter. She not only made no change in her will after her son had signed the said agreement, but, according to the testimony of the second daughter, testifying against her own interest, she said, with emphasis, about three weeks before her death, when spoken to about the agreement: "Do you think I am going to deprive Ellsworth of the things that are coming to him? He has just as much right to the things here as you or Margaret." The only possible conclusion of the court below was that the contention of the appellant was groundless in law and in fact, and her appeal is, therefore, dismissed at her costs.